IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID R. HOSE | * |
| Plaintiff, | * |
| vs. | *   Civil Action No: 1:07-cv-01805 PLF |
| THE UNITED STATES OF AMERICA, | * |
| Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff, David Hose (hereinafter "Mr. Hose"), files this Response in Opposition to Defendant United States Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Mr. Hose respectfully submits the attached Memorandum of Points and Authorities in support of his Response in Opposition to Defendant United States Motion to Dismiss and a proposed Order.

Dated: May 12, 2008                    Respectfully submitted,

/s/ Leslie D. Hershfield
Leslie D. Hershfield (Fed. Bar No. 427135)
Schulman, Treem, Kaminkow & Gilden, P.A.
The World Trade Center, Suite 1800
401 East Pratt Street
Baltimore, Maryland 21202
Telephone: 410-332-0850
Facsimile: 410-332-0866

*Counsel for Plaintiff David R. Hose*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID R. HOSE | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No: 1:07-cv-01805 PLF |
| THE UNITED STATES OF AMERICA, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff David Hose's Memorandum of Points and Authorities in Support of his Response in Opposition to Defendant United States Motion to Dismiss.

## TABLE OF CONTENTS

INTRODUCTION……………………………………………………………….. 1

BACKGROUND………………………………………………………………... 1

STANDARD OF REVIEW……………………………………………………... 3

ARGUMENT……………………………………………………………………. 4

CONCLUSION…………………………………………………………………. 8

# TABLE OF AUTHORITIES

**Federal Case**

*Goldstar(Panama) S.A. v. U.S.,
967 F.2d 965, 96 (4th Cir 1972)..........................................................................3

*Carey v. Maine School Administrative Dist. No. 17,
754 F. Supp. 906. 917 (D.Me.1990)...................................................................3

*Mylan Laboratories, Inc. v. Matkari, 7 F. 3d. 1130, 1134 (Md. 1993).....................3

Farrall v. District of Columbia Amateur Athletic Union,
153 F.2d 647, 649 (D.C. 1946)...........................................................................3

*Rice v. VVP America, 137 F.Supp. 658, 664 (E.D. Va. 2001)..........................4, 7

*Vess v. Davis Elec. Constructors, Inc.,
613 F. Supp. 1047, 1049 (W.D.Va.1985)...........................................................6

**State Case**

Intermodel Servs. v. Smith, 234 Va. 596, 364 S.Ed.2d. 221 (1988)..........................4

Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 494 S.E. 2d. 474 (1950)..........5

Shell Oil Co. v. Leftwich, 212 Va. 715, 187 S.E.2d 162 (1972)..............................5

Bassett Furniture Industries, Inc. v. McReynolds, 216 Va. 897, 224 S.E.2d 323 (1976)...5

Henderson v. Central Telephone Co. of Va., 233 Va. 377,, 355 S.E.2d 596 (1987)........6

Roberts v. City of Alexandria, 246 Va. 17, 19, 431 S.E.2d 275, 278 (1993).................6

**Federal Statutes**

28 U.S.C. 1346(b), 2671......................................................................................1

28 U.S.C. 2675..................................................................................................1

28 U.S.C. 2401..................................................................................................1

22 U.S.C. 2656..................................................................................................7

**State Statutes**

Va. Code 65.2-302(A).............................................................................................4

**Federal Rules**

Federal Rule of Civil Procedure 12(b)....................................................................3

**Miscellaneous**

Pascal, Lawrence, Virginia Workers Compensation, Third Edition (2000), §11.04.........4

## INTRODUCTION

Defendant United States of America (hereinafter "Defendant") filed a Motion to Dismiss Mr. Hose's claims arising from the injuries that he sustained during the anthrax attacks that plagued the United States during the fall of 2001. As set forth below, Defendant can not escape liability by wrongfully hiding behind the shield of the Virginia Workers' Compensation Act ("VWCA"). Accordingly, Defendant's Motion to Dismiss must be Denied, and the Court should permit this matter to proceed.

## BACKROUND

Mr. Hose brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671, et. seq. ("FTCA"). Initially, on August 29, 2003, Mr. Hose filed a FTCA Administrative Claim for Personal Injury as a result of his exposure to Inhalation Athrax on or about October 22, 2001. Compl. at §2. Thereafter, on October 13, 2003, Mr. Hose filed an Amended FTCA Administrative Claim for Personal Injury, a completed form 95 and copies of related medical, employment and insurance records with the Defendant pursuant to 28 U.S.C. 2675. Compl. at §2. Defendant never issued a final disposition of Plaintiff's administrative claim. Accordingly, Plaintiff commenced this action within the six (6) year FTCA statute of limitation. 28 U.S.C. 2401.

Beginning in 1990, Mr. Hose was employed as a supervisor for the Department of State incoming diplomatic pouch and mail unit at State Annex 32 (SA-32), in Sterling, Virginia. Compl. §6. Mr. Hose began his employment with Lam Associates Incorporated ("Lam Associates"), a private contractor, in 1995, when Lam Associates was awarded the contract from the State Department. While working at SA-32, as a result of negligent and outrageous conduct of the Defendant, Mr. Hose was exposed to weapons grade Bacillus

Anthracis spores ("anthrax") that was disbursed into the air from a contaminated envelope. Compl. at §7. Shortly after his exposure, Mr. Hose became violently ill. Compl. at §8. As a result of his injury and subsequent illness, Mr. Hose has been hospitalized for extended periods of time at Winchester Medical Center Intensive Care Unit. Additionally, Mr. Hose has also suffered excruciating permanent physical and mental injuries which have left him unable to work since the date of the incident. Compl. at § 8, 16.

Count I of the Complaint asserts strict liability claims against the Defendant for carrying on activities related to the management, growth, experiment and control of anthrax in Maryland, a their Fort Detrick facility. Compl. at §10. Count II alleges negligence against the Defendant for failing to properly manufacture, handle, transport, utilize, store, test and experiment with anthrax. Compl. at §19. Finally, Count III claims that the Defendant was negligent in their failure to properly clean and maintain the mail sorting machines at SA-32. 28.  Compl. at § 26. Defendant urges the Court to dismiss Plaintiff's allegations for lack of subject matter jurisdiction as the VWCA bars his claims. As set forth below, Defendant misapplies the law and the facts as alleged in the Complaint. Accordingly, Defendant's Motion to Dismiss must be Denied.

## STANDARD OF REVIEW

The Defendant has filed a Federal Rule of Civil Procedure 12(b) Motion to Dismiss alleging that this Court does not have subject matter jurisdiction over the Plaintiff's claims. In ruling on a Fed. Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court should accept as true all of the factual allegations contained in the Complaint. Goldstar(Panama) S.A. v. U.S., 967 F.2d 965, 966 (4th Cir. 1992). Moreover, all the allegations in the Complaint should be read liberally and this Court should give Mr. Hose the beneficial interpretation of all facts contained in the complaint and accept all allegations in the Complaint as true. Carey v. Maine School Administrative Dist. No. 17, 754 F. Supp. 906. 917 (D.Me.1990). In short, the Court should accept as true all well-pled allegations and should view the Complaint in the light most favorable to Mr. Hose. Mylan Laboratories, Inc. v. Matkari, 7 F. 3d. 1130, 1134 (Md. 1993). Furthermore, an affidavit filed in support of defendant's motion to dismiss complaint cannot be treated, for the purposes of the motion, as proof contradictory to well pled facts in the complaint. Farrall v. District of Columbia Amateur Athletic Union, 153 F.2d 647, 649 (D.C. 1946).

Accordingly, although the United States' urges this Court to find that Mr. Hose is a statutory employee of United States and thus barred, pursuant to the VWCA, from filing suit against the United States, Mr. Hose was not the statutory employee of the United States as his specific specialized employment was outside the defined business of the State Department. Hence, the United States was not his statutory employee. Additionally, whether or not Mr. Hose is a statutory employee of the United States is mixed question of law and fact, and wholly inappropriate for resolution by a Motion to

3

Dismiss at this juncture. See, Rice v. VVP America, 137 F.Supp. 658, 664 (E.D. Va. 2001). Thus, Defendant United States Motion to Dismiss must be Denied.

**ARGUMENT**

Virginia has long recognized that in certain specific circumstances, an employer might subcontract work to a sub-contractor in an effort to relieve itself of workers compensation liability and thereby place the compensation burden on the subcontractor, who presumably is less financially responsible than the original employer. Pascal, Lawrence, Virginia Workers Compensation, Third Edition, §11.04. To prevent this specific act, the VWCA was enacted and states, in relevant part:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

Va. Code § 65.2-302(A). The goal of this statute is not to prevent claims similar to those of Mr. Hose, but, rather, to prevent employers, owners, contractors or subcontractors, from escaping liability for workers compensation by having the work of their regular trade, business or occupation performed by others, who, in fact, would engage the necessary workmen. See, Intermodel Servs. v. Smith, 234 Va. 596, 364 S.Ed.2d. 221 (1988). Thus, whether an employee is a statutory employee of an employer is tested by the language of Section 65.2-302(A) and whether the alleged statutory employee is engaged in the employers "trade, business or occupation." This is a determination that is

a mixed question of law and fact and must be determined under the particular facts of each case. Uninsured Employer's Fund v. Clark, 26 Va. App. 277, 494 S.E. 2d. 474 (1950).

In the often cited Shell Oil Co. v. Leftwich, 212 Va. 715, 187 S.E.2d 162 (1972), employees of a retail gas station were injured while on a service call away from the gas station. The employees sought workers compensation benefits from Shell. After a thorough review of the lease between Shell and the retail gas station, and the business relationship between Shell and the retail gas station, the Supreme Court of Virginia found that the employees of the retail gas station were not the statutory employees of Shell. Specifically, the Court found that even though Shell was engaged in the business of exploring, drilling and processing petroleum, it did not operate retail gas stations. The Court went on to apply the following standard:

> the test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction, or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of the main contract) is whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors.

Shell, 212 Va. at 722. Thus, the test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable of the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. Id. The test is whether this indispensable activity is, in that business, normally carried on with through employees rather than independent contractors. See also, Bassett Furniture Industries, Inc. v. McReynolds, 216 Va. 897, 224 S.E.2d 323 (1976) (upholding

5

the common law right of action against an owner by an employee of any independent contractor); Vess v. Davis Elec. Constructors, Inc., 613 F. Supp. 1047, 1049 (W.D. Va 1985) (test for "statutory employer status is not one of whether subcontractor's activity is useful, necessary or even absolutely indispensable to statutory employer's business; test is whether such indispensable activity is, in that business, normally carried on through employees rather than independent subcontractors).

The holdings of Shell were modified for government agencies with the Supreme Court of Virginia's findings in Henderson v. Central Telephone Co. of Va., 233 Va. 377, 355 S.E.2d 596 (1987). In Henderson, the Court seemingly limited the Shell test to private businesses, as those entities "often define their trade, business, or occupation by their conduct." Henderson, 233 Va. at 383. "Public utilities and government entities are of another class," because they are not self determining whereas private businesses are typically self determining." Id. Thus, for VWCA statutory employee questions, the analysis must begin with what the government entity is "authorized and empowered" to perform by legislative mandate. Roberts v. City of Alexandria, 246 Va. 17, 19, 431 S.E.2d 275, 278 (1993). However, even applying the Henderson and Roberts tests, which the United States has done incorrectly, Mr. Hose's claims must survive the United States Motion to Dismiss.

Defendant's wrongfully argue that Mr. Hose's specific employment with Lam Associates, when viewed in the context of the State Department's "authorization and empowerment," renders Mr. Hose a statutory employee of the Defendant, and thus unable to proceed in these claims. However, such a sweeping interpretation of the State Department's authorization and empowerment is overbroad, unreasonable and improper.

Specifically, a supervisor of a mail slot, is not found within the statutory definition of the State Department. In fact, if this Court were to adopt the argument of the Defendant, every employee of any employer, whose employment even remotely touched any function of the federal government, would be barred from suit against the Defendant. See, Rice v. VVP America, Inc, 137 F.Supp. 2d. 658, 663-664 (E.D.Va 2001) (Whether a person or entity is a statutory employer under Virginia Workers' Compensation Act is a mixed question of fact and law and must be resolved in light of facts and circumstances of each case.)

The State Department, through the Secretary of State, is charged with duties relative to "correspondence, commissions, or instructions to or with public ministers or consuls from the United States." 22 U.S.C § 2656. Tellingly, the supervision of duties related to "correspondence" is not within the authorization of empowerment of the State Department. In fact, the Defendant, in their sweeping Motion to Dismiss, fails to cite to any statutory framework of the Department of State that references Mr. Hose's role as a supervisor. Accordingly, while those that actually sort the mail may be considered statutory employees of the Defendant depending on the specific facts of a claim, Mr. Hose, whose job was solely to supervise other employees of Lam Associates, does not fall within statutory framework of the Department of State. Accordingly, Mr. Hose was not the statutory employee of the Defendant and Defendant's Motion to Dismiss for lack of subject matter jurisdiction must be Denied.

## CONCLUSION

This action arises out of a national tragedy wherein the Plaintiff was poisoned with weapons grade anthrax. The Defendant attempts to relieve itself of its negligent conduct by using the shield of the Virginia Workers Compensation Act. As set forth above, the Plaintiff was not the statutory employee of the Defendant. Accordingly, Defendant's Motion to Dismiss must be Denied.

Respectfully submitted,

_____
Leslie D. Hershfield (Fed. Bar No. 427135)
Schulman, Treem, Kaminkow & Gilden, P.A.
The World Trade Center, Suite 1800
401 East Pratt Street
Baltimore, Maryland 21202
Telephone: 410-332-0850
Facsimile: 410-332-0866

*Counsel for Plaintiff David R. Hose*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2008, I caused a copy of the foregoing Plaintiff's Opposition to Motion to Dismiss to be served by first class mail, postage prepaid and through Electronic Case Filing on counsel for the Defendant:

> Kirsten Wilkerson, Esquire
> U.S. Department of Justice
> 1331 Pennsylvania Avenue, #8014S
> Washington, DC 20004

_____
Leslie D. Hershfield (Fed. Bar No. 427135)