UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID R. HOSE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:07-cv-01805 PLF |
| | )   ECF |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**UNITED STATES' REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

**TABLE OF CONTENTS**

**PAGE**

**TABLE OF CONTENTS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

**TABLE OF AUTHORITIES.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

**LEGAL STANDARDS.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**TABLE OF AUTHORITIES**

**PAGE**

**FEDERAL CASES**

*Best v. United States*,
　　522 F. Supp. 2d 252 (D.D.C. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Best v. Washington Metrop. Area Transit Authority*,
　　822 F.2d 1198 (D.C. Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Coalitions for Underground Expansion v. Mineta*,
　　333 F.3d 193 (D.C. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Coulter v. United States*,
　　256 F. Supp. 2d 484 (E.D. Va. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Erby v. United States*,
　　424 F. Supp. 2d 180 (D.D.C. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Evans v. B.F. Perkins Co., a Div. of Standex Intern Corp.*,
　　166 F.3d 642 (4th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Hyman v. United States*,
　　796 F. Supp. 905 (E.D. Va. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jerome Stevens Pharms., Inc. v. FDA*,
　　402 F.3d 1249 (D.C. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McNutt v. Gen. Motors Acceptance Corp.*,
　　298 U.S. 178 (1936). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Muldrow v. United States*,
　　972 F.2d 341 (4th Cir. 1992) (per curiam)
　　1992 WL 200866 (4th Cir. August 14, 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pendley v. United States*,
　　856 F.2d 699 (4th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Perry v. United States*,
　　882 F. Supp. 537 (E.D. Va. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**PAGE**

*Rice v. VVP America*,
    137 F. Supp. 2d 658 (E.D. Va. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Stuart v. Colorado Interstate Gas Co.*,
    271 F.3d 1221 (10th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Vess v. Davis Elec. Constructors, Inc.*,
    613 F. Supp. 1047 (W.D. Va. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATE CASES

*Bassett Furniture Industries, Inc. v. McReynolds*,
    216 Va. 897 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Henderson v. Central Telephone Co. of Va.*,
    233 Va. 377 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 8

*Jones v. Commonwealth*,
    267 Va. 218 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Roberts v. City of Alexandria*,
    246 Va. 17 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Shell Oil Co. v. Leftwich*,
    212 Va. 715 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Uninsured Employer's Fund v. Clark*,
    26 Va. App. 277 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## FEDERAL STATUTES

22 U.S.C. § 2656. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1346(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 2674. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATE STATUTES

Va. Code § 65.2-101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PAGE**

Va. Code § 65.2-302(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Va. Code § 65.2-307. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

**RULES**

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 8

Fed. R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID R. HOSE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:07-cv-01805 PLF |
| | )   ECF |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**UNITED STATES' REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff's response to the United States' Motion to Dismiss fails to refute the controlling legal and factual premises set forth in the United States' opening memorandum (U.S. Mem.). The United States moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. As demonstrated in the United States' opening memorandum, the Court lacks subject matter jurisdiction over this action, because a private defendant under like circumstances would be Plaintiff's statutory employer and the exclusivity provision of the Virginia Workers' Compensation Act (VWCA) thus would preclude tort liability. Because the Federal Tort Claims Act (FTCA) limits government tort liability to situations under which a private party would be liable, this case does not meet the FTCA standard for tort liability. A limited waiver to the government's sovereign immunity is provided in the FTCA, which limits the jurisdiction of federal courts to claims "for injury . . . under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). Thus, the United States can only be liable under the FTCA "in the same manner and to the same

extent as a private individual under like circumstances." 28 U.S.C. § 2674.  In the instant case, the undisputed facts make it clear that the VWCA is Plaintiff's exclusive remedy (Va. Code § 65.2-302(A); 65.2-307), and "a private individual under like circumstances" (28 U.S.C. § 2674) could not be liable to Plaintiff in tort.  The United States' motion should be granted, because Plaintiff has failed to meet his burden of proving subject matter jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Best v. United States*, 522 F. Supp. 2d 252, 254 (D.D.C. 2007).

Plaintiff's response accepts as true every factual statement made in the United States' Motion to Dismiss.  The only two issues Plaintiff raises are whether it is proper to move for dismissal under Federal Rule of Civil Procedure 12(b)(1) and the ultimate issue of whether the United States was Plaintiff's statutory employer.

## LEGAL STANDARDS

Plaintiff asserts that the determination of statutory employer status presents a mixed question of law and fact that is not appropriate for resolution by a 12(b)(1) motion to dismiss. Plaintiff cites two cases in support of this argument, neither of which addresses whether an attack on jurisdiction based on the exclusive remedy provision of a state workers' compensation law is appropriately brought under a 12(b)(1) attack on jurisdiction.[1]  Plaintiff ignores the cases that

---

[1] The first case on which Plaintiff relies is *Uninsured Employer's Fund v. Clark*, 26 Va. App. 277 (1998), which involved an appeal from an award of benefits by a workers' compensation commission and does not mention either Rule 12(b)(1) or Rule 56.  The second case Plaintiff cites is *Rice v. VVP America*, 137 F. Supp. 2d 658 (E.D. Va. 2001), which analyzed the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).  The *Rice* case does not mention Federal Rule of Civil Procedure 12(b)(1), let alone discuss whether a jurisdictional challenge that involves a mixed question of law and fact is appropriately addressed under Rule(12)(b)(1).

hold that when jurisdiction is challenged based on the exclusive remedy provision of a workers' compensation statute, a 12(b)(1) motion to dismiss is appropriate. *See Evans v. B.F. Perkins Co., a Div. of Standex Intern Corp.*, 166 F.3d 642, 652 (4th Cir. 1999); *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). As was recognized in *Coulter v. United States*, 256 F. Supp. 2d 484, 486 at n.3 (E.D. Va. 2003), "[t]he proper vehicle for challenging subject matter jurisdiction in light of the VWCA's exclusivity provision is a motion to dismiss pursuant to Rule 12(b)(1)." Furthermore, as explained in the United States' opening memorandum at p. 3, it is well-settled that a 12(b)(1) motion may be decided on materials outside the complaint. Although determining statutory employer status may in some cases involve a mixed question of fact and law, a "defendant will prevail at the threshold on a motion to dismiss for lack of subject matter jurisdiction if the *material* jurisdictional facts are not in dispute." *Coulter*, 256 F. Supp. 2d at 490 (emphasis added; quotation omitted). Plaintiff provides no authority to support his argument that it is improper to challenge jurisdiction based on the VWCA's exclusive remedy provision in a Rule 12(b)(1) motion to dismiss. The United States' challenge to subject matter jurisdiction is therefore appropriately made in a 12(b)(1) motion to dismiss.

Plaintiff states that the factual statements in his Complaint should be taken as true, liberally construed, and viewed in the light most favorable to him. Even if that were correct in the context of a 12(b)(1) motion making a factual attack on jurisdiction – which it is not[2] – it would not matter here. Plaintiff did not point out even a single instance in which a statement made in the United States' Motion to Dismiss contradicted any statement in his Complaint.

---

[2]When a factual challenge is made regarding subject matter jurisdiction, no presumptive truthfulness attaches to the factual allegations in the plaintiff's complaint. *Erby v. United States*, 424 F. Supp. 2d 180, 182-83 (D.D.C. 2006).

3

Nothing in the United States' Motion to Dismiss questions the truth or validity of any relevant factual statements in Plaintiff's Complaint. Plaintiff's response also asserts that the declarations filed in conjunction with the United States' Motion cannot be used to contradict his Complaint. Again, Plaintiff failed to identify any instance in which the declarations contradict his Complaint.

In short, for purposes of this motion, the United States has accepted all factual assertions in Plaintiff's Complaint as true. As is appropriate in a 12(b)(1) motion to dismiss, in its opening memorandum, the United States presented additional facts – the declarations and other attachments – which Plaintiff does not dispute. *See Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005); *Coalitions for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003). As there are therefore no material facts in controversy relevant to a determination of jurisdiction, resolution of the motion before the Court requires only a legal determination regarding the ultimate issue of whether the United States was Plaintiff's statutory employer so that the VWCA's exclusive remedy provision serves to bar Plaintiff's FTCA suit.

**ARGUMENT**

Pursuant to Virginia law, a party in circumstances similar to those of the United States would be Plaintiff's "statutory employer" and the VWCA's exclusive remedy provision serves to bar Plaintiff's tort suit. *See Pendley v. United States*, 856 F.2d 699, 702 (4th Cir. 1988); *Best v. Washington Metrop. Area Transit Authority*, 822 F.2d 1198 (D.C. Cir. 1987); *Coulter v. United States*, 256 F. Supp. 2d 484 (E.D. Va. 2003); *Hyman v. United States*, 796 F. Supp. 905, 906 (E.D. Va. 1992); *Muldrow v. United States*, (4th Cir. 1992) 972 F.2d 341 (TABLE) (per curiam), 1992 WL 200866 (4th Cir. August 14, 1992). Although Plaintiff asserts that the United States was not his statutory employer, he does not dispute that if the United States is found to be his

4

statutory employer, the VWCA's exclusive remedy provision precludes jurisdiction by this Court over his FTCA suit.  *See* Va. Code § 65.2-307; *Jones v. Commonwealth*, 267 Va. 218, 222 (2004).

The cases on which Plaintiff relies to assert that the United States was not his statutory employer do not apply the correct test.  Plaintiff relies on the test to determine statutory employer status for private entities as set forth in *Shell Oil Co. v. Leftwich*, 212 Va. 715 (1972).  As established in the United States' opening memorandum at 6-8, a different test is applied to entities whose activities are prescribed by government statute or regulation.  *See Henderson v. Central Telephone Co. of Va.*, 233 Va. 377, 382-84 (1987).  Thus, Plaintiff's discussion and application of the *Shell Oil Co.* test as applied in *Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897 (1976), and *Vess v. Davis Elec. Constructors, Inc.*, 613 F. Supp. 1047, 1049 (W.D. Va. 1985) – all of which pre-date the *Henderson* case – are inapplicable and have no bearing on the Court's analysis of the motion at issue.

Plaintiff makes no attempt to explain how *Shell Oil Co.*, rather than *Henderson*, could control the outcome here.  Indeed, he seemingly concedes that *Henderson* provides the pertinent standard in this case. (Resp. at 6).  The key distinction made by the *Henderson* Court was that a different test would be applied to any entities, public or private, which are not free to define their "trade, business or occupation" by their conduct, but are bound by what they are supposed to do pursuant to "the laws under which they were created and under which they functioned . . . ."  *See Roberts v. City of Alexandria*, 246 Va. 17, 19 (1993); *Perry v. United States*, 882 F. Supp. 537, 539 (E.D. Va. 1995) (stating that "[a]ny activity which a government entity is authorized or required to do is its trade, business or occupation.").  Thus, if Plaintiff was engaged in work that

5

was the "trade, business or occupation" of the Department of State, as determined by what the Department of State was "authorized or required" to do by statute or regulation, his tort suit is barred by the exclusive remedy provision of the VWCA.

    Plaintiff does not challenge the specifics of the United States' showing (U.S. Mem. at 11-16) that the Department of State's mail activities fall within the *Henderson* rubric, other than to make the conclusory statement that the United States' "sweeping interpretation of the State Department's authorization and empowerment is overbroad, unreasonable and improper." Resp. at 6. Plaintiff does not contest the United States' showing that the Department of State has been charged by Congress with the duty to process its own correspondence. *See* 22 U.S.C. § 2656; 1 Statutes at Large 28, note (a). Plaintiff does not contest that this is a duty which the Department of State is statutorily required to carry out or that processing mail is part of its "trade, business or occupation." Plaintiff also does not dispute the United States' showing that the Diplomatic Pouch and Mail Division, where Plaintiff's employer assigned him to work within the Department of State, supports the Secretary of State's duty relative to correspondence. 22 U.S.C. §2656; U.S. Mem. at 13. Plaintiff even goes so far as to concede (Resp. at 7) that LAM Associates, Inc. employees who actually sorted the mail where Plaintiff worked may be statutory employees of the United States. Finally, Plaintiff does not even mention, much less distinguish, the cases cited by the United States (U.S. Mem. 9-11) where courts found federal government statutory employer status in circumstances even less compelling than those presented here.

    The only specific attempt to rebut the United States' showing of statutory employer status made by Plaintiff is his contention that he was not a statutory employee by virtue of the fact that his job was to supervise the LAM Associates, Inc. employees who processed the mail, and

6

providing such supervision was not something that the Department of State was authorized or required to do by statute or regulation. Resp. at 7. Plaintiff provides no legal basis for his argument that being a supervisor exempts him from the VWCA's exclusive remedy provision. Indeed, Plaintiff admits that he has been receiving workers' compensation benefits. Compl., Exh. 1 at 3. Thus, Plaintiff's only argument is a distinction without a difference. Plaintiff has not and cannot provide a basis for his argument that supervisors have a different status than employees they manage under Virginia's workers' compensation law. The VWCA defines "employee" as "every person . . . in the service of another under any contract of hire or apprenticeship, written or implied, . . . ." Va. Code § 65.2-101. The statute specifically states that even a person with the highest level of authority in an organization, such as "every executive officer, including president, vice president, secretary, treasurer or other officer" is an "employee." *Id*. *Rice*, a case relied on by Plaintiff, states that "according to the [VWCA], contractors, subcontractors and **all workers** who are engaged in the trade, business, or occupation of the owner of a project are deemed to be that owner's statutory employees." 137 F. Supp. 2d at 663 (emphasis added). Thus, there is absolutely no basis for Plaintiff's argument that the United States is not his statutory employer due to his status as a supervisor. If the "line" employees of LAM Associates, Inc. who processed the mail at the Department of State were the United States' statutory employees -- which they were -- so, too, was the Plaintiff, as the person directly supervising the persons physically conducting the trade or business of the Department of State.

      Plaintiff's attempt to insulate himself from the VWCA's exclusive remedy provision based on his asserted role as a supervisor has no legal or logical basis. If the president of a company is an employee under the VWCA, surely a lower level supervisor is an employee, as

well. Plaintiff contends that if the Court were to determine that the United States was Plaintiff's statutory employer, it would mean that "every employee of any employer, whose employment even remotely touched any function of the federal government, would be barred from suit against the Defendant." Resp. at 7. Plaintiff provides no analysis or discussion in support of this assertion and ignores the fact that this is not what the United States argues. Plaintiff's apparent concern about a "slippery slope" is unfounded. This is not an instance in which the work in which Plaintiff was engaged was only tangentially tied to the statutorily mandated work of the agency, nor does this case address any statute or regulation that mandated what another federal agency was to do. As demonstrated by the briefing before the Court, the work in which Plaintiff was engaged falls squarely within the framework of the Department of State's "trade, business or occupation" when viewed in light of what it was required or authorized to do by the statutes and regulations under which the Department of State operates. When analyzed under the *Henderson* test, as set forth by the Virginia Supreme Court, the specific facts of this case make it clear that the United States was Plaintiff's statutory employer.

## CONCLUSION

The United States' Rule 12(b)(1) challenge to subject matter jurisdiction based on the exclusive remedy provision of the VWCA is properly before this Court. As each party accepts the facts set forth by the other party as true, there are no material facts in controversy and disposition of the United States' Motion to Dismiss requires only that the Court reach a legal determination regarding the ultimate issue of whether the United States was Plaintiff's statutory employer. Plaintiff was engaged in activity that directly supported the "trade, business or occupation" of the Department of State, making the United States his statutory employer. The

exclusive remedy provision of the VWCA therefore serves to bar his FTCA suit. Because Plaintiff has not and cannot satisfy his burden of proving subject matter jurisdiction, the United States' Motion should be granted and Plaintiff's suit should be dismissed.

Dated: May 23, 2008                    Respectfully Submitted,

                                                                                       /s/

| | |
|---|---|
| GREGORY G. KATSAS | KIRSTEN L. WILKERSON (MO Bar #49082) |
| Acting Assistant Attorney General | Trial Attorney |
| Civil Division | Torts Branch (Environmental Torts) |
| | United States Department of Justice |
| C. FREDERICK BECKNER III | 1331 Pennsylvania Ave., NW |
| Deputy Assistant Attorney General | Suite 8014 South |
| Civil Division | Tel: (202) 353-7750/Fax: (202) 616-4473 |
| | Kirsten.wilkerson@usdoj.gov |
| J. PATRICK GLYNN | |
|    D.C. Bar #219162 | CHRISTINA M. FALK |
| Director Environmental Torts | Senior Trial Counsel |
| | |
| DAVID FISHBACK | JASON S. PATIL |
|    D.C. Bar #182907 | Trial Attorney |
| Assistant Director Environmental Torts | |

## CERTIFICATE OF SERVICE

     I hereby certify that on May 23, 2008, I caused a copy of the foregoing Motion to Dismiss to be served by Federal Express and through Electronic Case Filing on counsel for the plaintiff:

Leslie D. Hershfield, Esquire
Schulman, Treem, Kaminkow, Gilden & Ravenell, P.A.
The World Trade Center, Suite 1800
401 East Pratt Street
Baltimore, MD 21202
(410) 332-0850

                                                  /s/
                              KIRSTEN L. WILKERSON (MO Bar # 49082)
                              Trial Attorney
                              Torts Branch (Environmental Torts)
                              United States Department of Justice
                              1331 Pennsylvania Ave., NW
                              Suite 8014 South
                              Tel: (202) 353-7750/Fax: (202) 616-4473
                              Kirsten.wilkerson@usdoj.gov