UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DAVID R. HOSE,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )   Civil Action No. 07-1805 (PLF)
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Defendant.                  )
_____ )


MEMORANDUM OPINION

Plaintiff David R. Hose brings suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., for his alleged exposure to anthrax spores while working in a State Department facility. This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rule of Civil Procedure. After careful consideration of the parties' papers and the entire record in the case, the Court will grant defendant's motion and dismiss plaintiff's claim.[1]

I. BACKGROUND

Plaintiff worked for Lam Associates, Inc. ("Lam"), a private independent contractor based in Vienna, Virginia, from 1995 onward. See Compl. ¶ 6. Lam contracted with the U.S. State Department to provide plaintiff's services as a supervisor in the State

---

[1] The Court considered the following papers in connection with this motion: Plaintiff's Complaint ("Compl."); the United States' Motion to Dismiss ("Mot."); Plaintiff's Memorandum of Points and Authorities in Support of his Opposition to United States' Motion to Dismiss ("Opp."); and the United States' Reply Memorandum in Support of its Motion to Dismiss ("Reply").

Department's incoming "diplomatic pouch and mail" unit in Sterling, Virginia. See id. Plaintiff alleges that while at work in October 2001 he was exposed to an envelope contaminated with anthrax spores. See id. ¶ 7. On October 24, 2001, plaintiff was diagnosed with inhalation anthrax exposure, which required him to spend more than two weeks in intensive care. See id. ¶ 8. Plaintiff alleges that his exposure resulted from the federal government's negligent handling of its anthrax supply and its failure to protect adequately State Department mail room workers after learning that anthrax-laced letters were traveling through the nation's postal network. See id. ¶¶ 12, 28.

Plaintiff's complaint contains three counts: (1) strict liability for ultra-hazardous activity, (2) negligent handling of the anthrax in defendant's possession, and (3) negligent cleaning of mail-sorting machines. Defendant moves to dismiss plaintiff's claim for lack of subject matter jurisdiction on the ground that Virginia's Workers' Compensation Act bars tort liability in this matter. See Mot. at 1.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Therefore, they may only hear cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. See, e.g, Beethoven.com L.L.C. v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Best v. United States, 522 F.Supp 2d 252, 254 (D.D.C. 2007); Srour v. Barnes, 670 F.Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). The United States may be sued for money damages only when it has expressly waived its immunity from suit. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S.

549, 554 (1988)). "Sovereign immunity is jurisdictional in nature." F.D.I.C. v. Meyer, 510 U.S. at 475. The question here is whether the FTCA provides a waiver of sovereign immunity by the United States, such that the Court has jurisdiction over plaintiff's claims.

Under Rule 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. See Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F.Supp. 2d 68, 72 (D.D.C. 2004). In determining whether to grant a motion to dismiss for lack of subject matter jurisdiction, the Court must accept all of the factual allegations in the complaint as true, but may, in appropriate cases, consider certain materials outside the pleadings. See Jerome Stevens Pharmacies, Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). While the complaint is to be construed liberally, the Court need not accept factual inferences drawn by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. See Best v. United States, 522 F.Supp. 2d at 255; Primax Recoveries, Inc. v. Lee, 260 F.Supp 2d 43, 47 (D.D.C. 2003).

### III. DISCUSSION

*A. Federal Tort Claims Act*

The FTCA waives the government's sovereign immunity for suits against the United States for money damages arising from:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

3

28 U.S.C. § 1346(b)(1); see also 28 U.S.C. 2674(a) ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances. . . ."); Shuler v. United States, 531 F.3d 930, 933 (D.C. Cir. 2008). When considering whether jurisdiction exists under the FTCA, federal courts must apply the law of the state where the act giving rise to the claim occurred. See F.D.I.C. v. Meyer, 510 U.S. at 478 ("we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State — the source of substantive liability under the FTCA") (citations omitted). In other words, the FTCA provides that the federal government shall be liable to plaintiffs to the extent that a private actor would be liable under the relevant state's law. See id.

Thus, the Court must first determine which state's law is applicable to plaintiff's claims, and then determine whether tort liability would exist in that state. Plaintiff alleges liability for acts that occurred both in Sterling, Virginia (where he allegedly inhaled anthrax spores), and in Fort Detrick, Maryland (where the government maintains its anthrax supply). See Compl. ¶¶ 12, 15. Both "Virginia and Maryland follow the rule of *lex loci delicti*, which means that both states . . . apply the law of the state where the wrong occurred." Spring v. United States, 833 F. Supp. 575, 577 (E.D. Va. 1993). To determine where the wrong occurred, both states consider where the last event necessary to create liability took place. See id. (quoting Quillen v. Int'l Playtex, Inc., 789 F.2d 1041, 1044 (4th Cir. 1986)); Erie Ins. Exchange v. Heffernan, 925 A.2d 636, 648-49 (Md. 2007). Plaintiff's alleged exposure to anthrax in Virginia and his resulting illness, which also occurred in Virginia, were the last events necessary to establish liability for his illness. Virginia law therefore provides the standard for substantive

liability in tort in this case. Thus, if a private actor could be liable under Virginia tort law based on the allegations in plaintiff's complaint, the FTCA waives the federal government's sovereign immunity for such claims and the Court has subject matter jurisdiction over plaintiff's claims.

*B. Virginia Workers' Compensation Act*

The next question for the Court is whether plaintiff has stated a cause of action in tort under Virginia law. The Virginia Workers' Compensation Act ("VWCA"), Va. Code §§ 65.2-100 et seq., established statutory remedies for employees injured in the performance of their duties for their employers. See McCotter v. Smithfield Packing Co., 849 F. Supp. 443, 446 (E.D. Va. 1994). It provides the sole and exclusive remedy for claims arising from those injuries, and correspondingly bars common law tort claims for injuries suffered in the course of employment. See Va. Code § 65.2-307(A); see also McCotter v. Smithfield Packing Co., 849 F. Supp. at 446 (citing Rasnick v. Pittston Co., Inc., 237 Va. 658, 660 (1989)). The VWCA also bars employees' common law claims against "statutory employers," which are defined as "any person (referred to in this section as 'owner') [who] undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person . . . for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken." Va. Code § 65.2-302(A); see also Jones v. Commonwealth of Virginia, 591 S.E.2d 72, 74 (Va. 2004). "This 'statutory employer' provision is designed to ensure that owners do not escape liability for workers' compensation benefits by having their work performed by others." Id.

As noted above, plaintiff did not work directly for the State Department. Rather, the State Department's contracted with Lam for plaintiff's services. If this relationship renders plaintiff a statutory employee of the State Department for the purposes of the VWCA, then the VWCA would bar his claim, see Jones v. Commonwealth of Virginia, 591 S.E.2d at 76 (the VWCA bars statutory employees from pursuing tort claims against their statutory employers), and this Court would lack subject matter jurisdiction over his claim. See also Pendley v. United States, 856 F.2d 699, 702 (4th Cir. 1988) (the federal government may be a statutory employer under the VWCA).

The Virginia Supreme Court recently explained that to determine whether a contract employee in the private sector is a statutory employee under the VWCA, "we have applied the 'normal work test' to determine whether the injured party was engaged in the trade, business, or occupation of the owner at the time of his or her injury." Jones v. Commonwealth of Virginia, 591 S.E. 2d at 75. The test is different, however, when the owner of the project is a government entity:

> A governmental entity or a public utility does not share the ability to choose its activities. Therefore, if the project's owner is a governmental agency or a public utility, *any activity which the owner is authorized or required to do by law or otherwise*, is considered the trade, business, or occupation of the owner.

Id. (citing Nichols v. VVKR, Inc., 403 S.E.2d 698, 701 (Va. 1991)) (emphasis added). See also Henderson v. Central Tel. Co., 355 S.E.2d 596, 599-601(Va. 1987) (distinguishing between the "trade, business or occupation" of public and private employers under the VWCA). The Virginia Supreme Court further explained that to determine whether a government entity is a statutory employer, "requires examination of *statutory authorization and mandated duties* to determine the

6

entity's trade, business, or occupation . . . whatever the frequency with which the task is performed or the number of employees directly employed to perform the task." Jones v. Commonwealth of Virginia, 591 S.E.2d at 75 (emphasis added).  In sum, if plaintiff's position and duties fell within the State Department's legislatively authorized and mandated responsibilities, he is considered a statutory employee of the State Department under Virginia law.

The State Department is charged with performing "such duties as shall from time to time be enjoined on or intrusted to [the Secretary of State] by the President relative to correspondences, commissions, or instructions to or with public ministers or consuls from the United States. . . ."  22 U.S.C. § 2656.  The "diplomatic pouch and mail unit" where plaintiff worked supports this function by "transport[ing] items for official use of the Mission across international frontiers without procedural delay and without inspection by foreign government officials."  See Mot. at 13-14, Ex. 5 (United States Department of State Foreign Affairs Handbook ("FAH") at 14 FAH-4, H-511(a)).  This system provides the sole mail service for State Department posts which lack access to other United States mail service, see FAH at 14 FAH-4 H-518.2(a); as such, it must be considered part of the State Department's trade, business or occupation for the purposes of the VWCA.  Thus, under the VWCA, any contract employees who work in that unit are barred from bringing tort claims against the State Department for injuries allegedly suffered while employed there, because they are "statutory employees" of the State Department.  And because such employees — like plaintiff — are barred from bringing such claims under the VWCA, the FTCA does not waive the federal government's sovereign immunity for those claims.

Plaintiff argues, however, that his job – supervising mail room employees who handle mail – cannot be considered statutory employment. He argues that although the State Department is charged with duties relating to correspondence, and correspondingly that those who sort the mail may be statutory employees, the *supervision* of duties related to correspondence is not within the State Department mandate. The Court finds no basis to draw such a distinction, nor is it aware of any case law that would support doing so. Indeed, courts applying Virginia law have barred tort claims by a wide range of contract employees injured while performing contract work in the public sector. See, e.g., Best v. WMATA, 822 F.2d 1198, 1202 (D.C. Cir. 1987) (contract subway escalator repairman was statutory employee); Pendley v. United States, 856 F.2d at 700-02 (engineering consultant killed in fire at Air Force facility was statutory employee); Coulter v. United States, 256 F. Supp. 2d 484, 493 (E.D. Va. 2003) (food worker hurt cooking for Marine Corps base was statutory employee); Nelson v. United States Postal Service, 189 F. Supp. 2d 450, 454-59 (W.D. Va. 2002) (truck driver hurt hauling mail for United States Postal Service was statutory employee); Hyman v. United States, 796 F.Supp. 905, 906 (E.D. Va. 1992) (handyman hurt installing insulation on Navy ship was statutory employee).

In his supervisory role, plaintiff helped the State Department fulfill its mandate to collect and distribute diplomatic correspondence. The allegations in plaintiff's complaint lead inevitably to the conclusion that he was a "statutory employee" of the State Department at the time that his alleged injuries occurred. Thus, plaintiff's claim is barred by the VWCA. Accordingly, there is no waiver of sovereign immunity under the Federal Tort Claims Act.

IV.  CONCLUSION

For these reasons, the court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction.  An Order consistent with this Memorandum Opinion will issue this same day.

DATE: March 31, 2009

/s/_____
PAUL L. FRIEDMAN
United States District Judge